IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KAYLA ANN H.,**[1] | : | |
| | : | Civil Action 2:23-cv-2944 |
| **Plaintiff,** | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Elizabeth P. Deavers |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

This matter comes before this Court on the Magistrate Judge's May 20, 2024, Report and Recommendation ("R&R") (ECF No. 12), which recommended that Plaintiff's Statement of Specific Errors (ECF No. 9) be overruled and that the Commissioner's decision denying Plaintiff benefits be affirmed. Plaintiff filed an Objection (ECF No. 13) pursuant to Fed. R. Civ. P. 72(b), to the R&R. Following a *de novo* review by this Court, Plaintiff's Objection is hereby **OVERRULED**, and this Court **ADOPTS** the R&R (ECF No. 12) in its entirety.

### I.     BACKGROUND

Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on March 17, 2017, alleging disability since December 31, 2014. (ECF No. 7 at 440-54, 488; R. at 440-54, 488). Plaintiff's applications were denied by the Social Security Administration in June 2017 and again upon reconsideration in September 2017. (R. at 129-204, 236-42). Plaintiff then sought a *de novo* hearing before an administrative law judge ("ALJ"), (R.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts should refer to plaintiffs only by their first names and last initials due to significant privacy concerns in social security cases. *See also* S.D. Ohio General Rule 22-01.

260-61), after which, Administrative Law Judge Timothy Christensen found that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 205-27). Plaintiff subsequently requested that the Appeals Council review and remand the claim for further assessment. (R. at 228-35).

Administrative Law Judge Noceeba Southern was assigned the claim on remand and, after following the required five-step analysis, again concluded that Plaintiff was not disabled under the Social Security Act and, therefore, was not eligible for benefits. (R. 21-51). At step one, ALJ Southern found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability on December 31, 2014. (R. 27). At step two, the ALJ found that Plaintiff had the following severe impairments: Substance Abuse DO; COPD; obesity; thrombocytopenia; depressive, bipolar, and related disorders; trauma and stressor-related disorders; and anxiety and obsessive-compulsive disorders. (*Id.*). In the third step, ALJ Southern found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled those listed and described in 20 C.F.R Part 404, Subpart P, Appendix 1. (*Id.* at 28-33). For the fourth step, the ALJ concluded that Plaintiff had a residual functional capacity ("RFC") that consisted of the ability to "perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b)," subject to additional postural, environmental, and mental limitations. (*Id.* at 33-38). Finally, the ALJ concluded that a significant number of jobs Plaintiff could perform exist in large numbers in the national economy. (*Id.* at 39-40).

Plaintiff again requested the Appeals Council review the ALJ's determination. (R. at 8-13). This time, the request was denied, and ALJ Southern's decision was adopted as the official decision of the Commissioner. (*Id.*).

Plaintiff raised one objection to ALJ Southern's ruling in her Statement of Specific Errors filed with this Court (ECF No. 9): the ALJ failed to evaluate properly the opinion of Kathy Chapman, who was Plaintiff's mental health counselor and a Licensed Independent Social Worker ("LISW") and worked at Allwell Behavioral, Plaintiff's primary treatment center. (ECF No. 9 at 5, 8). Ms. Chapman's opinions regarding Plaintiff's mental abilities to perform unskilled work, given via a completed checkbox form and brief notes, stated that Plaintiff did not meet competitive work standards or had no useful ability to function in eleven of sixteen categories. (R. at 1811-12). As a LISW, Ms. Chapman is not an acceptable medical source and is considered an "other medical source" or a "non-medical source"—as opposed to an "acceptable medical source" or "medical source." Soc. Sec. Rul. 06-3p (rescinded 2017).[2] This means that Ms. Chapman "cannot establish the existence of a medically determinable impairment," but, due to the level of special knowledge of an individual, an "other medical source" may "provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.*

Defendant filed a Memorandum in Opposition (ECF No. 10) to Plaintiff's Statement of Specific Errors (ECF No. 9). Defendant argued that ALJ Southern gave a proper explanation of the weight given to Ms. Chapman's opinions and further posited that Plaintiff's Statement of Specific Errors is primarily a request to have the evidence impermissibly reweighed in favor of the Plaintiff. (ECF No. 10 at 1).

In Plaintiff's Reply to Defendant's Memorandum in Opposition (ECF No. 11), Plaintiff claimed that ALJ Southern "failed to adequately explain why Ms. Chapman's medical opinions

---

[2] SSR 06-3p was rescinded in 2017. 82 Fed. Reg. 15263 (rescinding SSR 06-3p). Plaintiff's claim was filed before the effective date of rescission. As such, SSR 06-3p is relevant in this case, and the claim is governed by the rules articulated in SSR 06-3p.

were being rejected." (ECF No. 11 at 2). Plaintiff requested that the case be reversed and remanded for further proceedings. (ECF No. 11 at 3).

On May 20, 2024, the Magistrate Judge issued a Report and Recommendation recommending that this Court overrule Plaintiff's Statement of Specific Errors and affirm the decision of the Commissioner of Social Security, citing the sufficiency of evidence and the adequacy of the explanation given to Ms. Chapman's opinions by the ALJ. (ECF No. 12). Plaintiff has timely submitted one objection to the R&R. (ECF No. 13). Plaintiff's objection asserts that the opinions of Ms. Chapman were not given a proper level of evaluation, in violation of Social Security Rule ("SSR") 06-3p (rescinded 2017). Defendant responded (ECF No. 14) to Plaintiff's objection, restating that the ALJ's decision was sufficiently supported and urging the court to adopt the R&R.

## II. STANDARD OF REVIEW

Upon receiving an objection to a Magistrate Judge's R&R, this Court must "make a *de novo* determination of those positions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). This Court's review, however, is "limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

Substantial evidence has been defined as "evidence that a reasonable mind might accept as adequate to support a conclusion." *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2007) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The threshold for substantial

evidence is not high and is met so long as there is more than a scintilla of support. *Biestek v. Berryhill*, 587 U.S. 97 (2019). As such, when there is substantial evidence in supporting the ALJ's finding, this Court must defer to it, even if there is substantial evidence that would have supported making the opposite conclusion. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Consequently, "by pointing to evidence of record that supports her position," Plaintiff does not establish an absence of substantial evidence in support of the ALJ's decision, instead Plaintiff must show that the record lacks adequate evidence for a reasonable person to accept the ALJ's conclusion. *McMullen v. Comm'r of Soc. Sec.*, No. 1:23-CV-00118, 2023 WL 8935234 at *14 (N.D. Ohio Dec. 11, 2023), *report and recommendation adopted*, No. 1:23-CV-00118, 2023 WL 8933246 (N.D. Ohio Dec. 27, 2023) (quoting *Greene v. Astrue*, No. 1:10-cv-0414, 2010 WL 5021033 at 4 (N.D. Ohio Dec. 3, 2010)).

In addition to meeting the substantial evidence threshold, in cases governed by SSR 06-3p, the adjudicator must make explicit its consideration of the opinions of non-acceptable medical sources. Soc. Sec. Rul. 06-3p (rescinded 2017). Furthermore, the ALJ "generally should explain the weight given to opinions" from non-acceptable medical sources such as Ms. Chapman, "or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome on the case." 20 C.F.R. § 404.1527(f)(2) (2017). Explanations of the weight given to a non-acceptable medical source should be written so that a subsequent reviewer or a claimant can follow the adjudicator's reasoning "when such opinions have an effect on the outcome of the case." *Id.*; 20 C.F.R. § 404.1527(f)(2).

Even if the substantial evidence standard is met, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations," *Rabbers v. Comm'r of Soc. Sec.*, 582

F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)), such as SSR 06-3p, because "[a]n ALJ's failure to follow an agency's rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified on the record," *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011). It is important to note, however, that the explanation given by the ALJ need not give an expansive step-by-step explanation and will be upheld even if it is of "less than ideal clarity." *Garland v. Ming Dai*, 593 U.S. 357, 369 (2021).

### III.    LAW & ANALYSIS

Plaintiff's sole argument on objection is that the ALJ did not provide a sufficient explanation of the weight given to the opinions of Ms. Chapman, a non-acceptable medical source, in violation of SSR 06-3p. (ECF No. 13 at 2).

SSR 06-3p, in relevant part, reads:

> the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the case.

Soc. Sec. Rul. 06-3p (rescinded 2017). Plaintiff's objection, predicated on SSR 06-3p, falls short because the ALJ's reasoning with respect to Ms. Chapman's evaluations is well-written and expanded enough to be understood and followed by a subsequent reviewer.

Plaintiff argues that the ALJ did not provide reasoning "sufficient to reject [Ms. Chapman's] opinions." (ECF No. 13 at 3). But the ALJ did not reject Mr. Chapman's opinions: they were explicitly utilized in the creation of Plaintiff's RFC. (R. at 37-38). The ALJ explained, however, that because Ms. Chapman, as a social worker, was a non-acceptable source, and because her assessments contained inconsistencies, "her opinion [was] given little weight." (*Id.*). 20 C.F.R. § 404.1527(f) states that non-acceptable medical sources will be considered "using the same

factors as listed in paragraph (c)(1) through (c)(6) in this section" for evaluation of acceptable medical source opinions, which include "nature and extent of the treatment relationship," and "consistency" with the record as a whole. The ALJ appropriately diminished the weight given to Ms. Chapman's opinions by applying at least one of these factors. (R. at 37-38). And as § 404.1527(f) explains, "not every factor for weighing opinion evidence will apply in every case because the evaluation of an opinion from a medical source who is not an acceptable medical source or from a nonmedical source depends on the particular facts in each case."

Plaintiff further suggests that the ALJ's discussion of the weight given to Ms. Chapman's opinions is insufficient because it only highlights one inconsistency between Ms. Chapman's capacity assessment and her treatment notes. (R. at 36-37 discussing R. 1785-95). But the ALJ's reference to only one inconsistency does not mean that the ALJ failed to explain sufficiently her reasons for discounting Ms. Chapman's opinion. Indeed, the ALJ specified that the inconsistency was an example.[3] The ALJ is not required to and cannot be expected to highlight every inconsistency available to support the weight given to a particular treating professional's opinion.

Moreover, Ms. Chapman was only one of many treating sources. That Plaintiff is particularly focused on Ms. Chapman's evaluations, as opposed to others, does not mean that the ALJ was required to be similarly focused. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) (stating that parties may not "cherry pick" the evidence best suited to support their stance). Even if Plaintiff would have preferred more discussion of the weight given to Ms.

---

[3] In fact, this Court's review of the medical records uncovered numerous more examinations of Plaintiff at Allwell Behavioral, both with Ms. Chapman and with other employees, that showed similar inconsistencies to the one cited in the ALJ's decision. *See* R. 1576-696, 1785-810 for a comprehensive list of treatment notes from Allwell. *See also* R. at 30-33 (citing R. at 986-95) for the ALJ's discussion of the psychological exam of Plaintiff by Gregory Johnson, Ph.D.; R. 142-43, 160-62 for Kathleen Malloy, Ph.D.'s consideration on Plaintiff's mental condition and R. at 180-82, 198-200 for Irma Johnston, Psy.D.'s adoption of Dr. Malloy's findings.

Chapman's evaluations, a reviewing court must uphold an agency's decision even if it is of "less than ideal clarity," so long as the reasoning is reasonably discernible. *Garland*, 593 U.S. at 369 (2021). ALJ's Southern's analysis certainly meets that threshold.

## IV.     CONCLUSION

Based on the above analyses of the Magistrate Judge's R&R (ECF No. 12) and the *de novo* review of Plaintiff's Objection (ECF No. 13), this Court **OVERRULES** Plaintiff's Objection, (ECF No. 13). Accordingly, this Court **ADOPTS** the Magistrate Judge's R&R (ECF No. 12) and **AFFIRMS** the Commissioner's decision.

**IT IS SO ORDERED.**

_____
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

DATE: August  5 , 2024